## JOHN W. HOLLENBECK *vs.* NEHEMIAH SHUTTS.

Where more than six per cent. interest is paid on a promissory note, made in this commonwealth, and not appearing on its face to be payable elsewhere, evidence is inadmissible, in an action to recover back the usurious interest, that the note and a promise, made at the same time, to pay more than six per cent. interest, were in pursuance of an oral agreement previously made in another state, where the rate of interest paid was the lawful rate.

ACTION OF CONTRACT. " And the plaintiff says, he paid the defendant a greater rate of interest than is allowed by law on the sum of two hundred dollars, namely fourteen dollars upon two hundred dollars for each of the years ending at and on the first day of April 1848, 1849, 1850, and 1851; and the defendant owes the plaintiff threefold the amount of the unlawful interest so paid by the plaintiff to the defendant, amounting to the sum of twenty four dollars."

" The defendant, answering, denies that the plaintiff paid him, and that the defendant received a greater rate of interest than is allowed by law; inasmuch as said payment was made upon a loan in the State of New York, a contract to be performed in said state, where seven per centum is the lawful rate of interest. And the defendant further answering says that said loan was made for the benefit and at the request of the plaintiff in the State of New York, at the rate of seven per cent."

At the trial in the court of common pleas, before *Wells*, C. J. it appeared that the plaintiff resided in Egremont in this commonwealth, and the defendant in Hillsdale, in the State of New York. There was no evidence where the first payment of interest was made, but there was evidence that the second payment was made in Massachusetts, and the last two in Hillsdale, N. Y. And it was admitted that the payments were for the annual interest on the following note: " $200. For value received, I promise to pay Nehemiah Shutts or order two hundred dollars, to be paid in four annual payments of fifty dollars each, with the annual interest. Alford, April 1, 1847.

"Attest: E. K. Williams. John W. Hollenbeck."

E. K. Williams, being called as a witness for the plaintiff testified that on the 1st of April 1847 the plaintiff and the defendant came to his house in Alford in this commonwealth, and he, at their request, drew a deed from the defendant to the plaintiff of land in Alford and Egremont, and also said note and a mortgage of said land to secure the payment thereof, and that the note was given as the consideration for the deed; that the defendant at that time inquired of Williams if he could not write the note so that he could have seven per cent., saying he had borrowed money in the State of New York for the accommodation or benefit of the plaintiff, for which he had to pay seven per cent. interest; and the witness further testified that the plaintiff then agreed to pay seven per cent. interest on the note.

The judge allowed the defendant, the plaintiff objecting, to introduce evidence tending to show that the deed, note and mortgage, and the promise to pay seven per cent. interest, so made in this commonwealth, were in pursuance of a previous oral agreement made by the parties in the State of New York, and for the purpose of carrying out that agreement, and instructed the jury that, if they found they were so made, the taking of the seven per cent. interest was not unlawful. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*I. Sumner*, for the plaintiff. The note being made in Massachusetts, and not appearing on its face to be payable in New York, the laws of Massachusetts alone are to be resorted to in ascertaining the validity, obligation and legal effect of the contract. *Dunscomb* v. *Bunker*, 2 Met. 8. *Hyde* v. *Goodnow*, 3 Comst. 266. *Scoville* v. *Canfield*, 14 Johns. 338. And oral evidence of previous negotiations between the parties was inadmissible. *Kent* v. *Lowen*, 1 Campb. 178. 2 Phil. Ev. (2d ed.) 13.

*C. N. Emerson*, for the defendant. The evidence of previous negotiations between the parties was admissible to show that the original contract was made and to be performed in New York, where the payee resided, and therefore to be governed by the laws of that state; and also to show good faith in the contracting parties, and that they had no intent to evade the statutes

of Massachusetts respecting usury. *Phelps* v. *Kent,* 4 Day, 96, and 2 Day, 483. *Nichols* v. *Cosset,* 1 Root, 294. *Philadelphia Loan Co.* v. *Towner,* 13 Conn. 249. *Houghton* v. *Page,* 2 N. H. 42. *M' Queen* v. *Burns,* 1 Hawks, 476. *Dunscomb* v. *Bunker,* 2 Met. 8. *Stevens* v. *Davis,* 3 Met. 211. Comyn on Usury, 119. *De Wolf* v. *Johnson,* 10 Wheat. 367. Story Confl. Laws, §§ 287 *a,* 293. *Fanning* v. *Consequa,* 17 Johns. 511. *Scofield* v. *Day,* 20 Johns. 102. *Boyce* v. *Edwards,* 4 Pet. 123. *Robinson* v. *Bland,* 2 Bur. 1078. *Chapman* v. *Robertson,* 6 Paige, 627. *Prentiss* v. *Savage,* 13 Mass. 23. 2 Kent Com. (6th ed.) 459, 460, 461, *& notes.* *Scott* v. *Lewis,* 2 Conn. 132. *Tate* v. *Wellings,* 3 T. R. 531. *Solarte* v. *Melville,* 7 B. & C. 430. *Harvey* v *Archbold,* 3 B. & C. 626.

THOMAS, J. This is an action to recover back threefold the usurious or unlawful interest taken on a note given by the plaintiff to the defendant; and comes up on exceptions to the rulings of the court of common pleas.

We think the learned judge erred in instructing the jury that the oral negotiations of the parties constituted the contract between them. The contract was in writing, and was the note. The note was made in Massachusetts, and its construction is to be governed by the laws of this commonwealth. If upon the face of a contract it appears that it was to be performed elsewhere, that may be regarded as an adoption of the law of the place of performance, and so making it a part of the contract. There is nothing in this contract to indicate such purpose. The rate of interest was fixed by the contract as much as if the six per cent. had been written in it. The taking of more was usurious and unlawful.

Some of these payments were made in New York. What effect, if any, this fact would have, we do not determine.

*Exceptions sustained*